17-693-cv
*Adam Ortiz v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ADAM ORTIZ,

*Plaintiff-Appellant,*

v. 17-693-cv

CITY OF NEW YORK, POLICE OFFICER NELSON
MEDINA, SHIELD #22851, KAI CHIN,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: DAVID A. ZELMAN, Law Office of David A. Zelman, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:    JULIE STEINER, Assistant Corporation Counsel (Richard Dearing and Devin Slack, Assistant Corporation Counsels, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Adam Ortiz appeals a judgment entered February 8, 2017, following a jury trial, in favor of defendants-appellees City of New York (the "City") and police officers Nelson Medina and Kai Chin. The jury rejected Ortiz's claims that he had been unlawfully stopped, falsely arrested, and subjected to excessive force by the two police officers.

On April 26, 2014, Medina and Chin went to the closed Canal Street subway station in response to a 911 radio call about an individual lying on the subway platform. When they arrived, they saw Ortiz on the platform, approached him, and checked for an outstanding warrant before they issued him a ticket for criminal trespass. Ortiz commenced this action, asserting state law and 42 U.S.C. § 1983 claims for false arrest, illegal investigatory detention, and excessive force, and claiming that he sustained physical and mental injuries as a result of the incident. On appeal, Ortiz argues that the district court (1) abused its discretion by admitting psychological

2

records as evidence at trial, and (2) erred by putting the issues of arrest and probable cause to the jury. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I.     *Psychological Records*

We review evidentiary rulings for abuse of discretion, reversing only for manifest error. *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010). Psychotherapist-patient communications are privileged under Federal Rule of Evidence 501. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege, like other privileges, may be waived by the holder. *Id.* at n.14.

The district court did not abuse its discretion by admitting the redacted psychological records at trial. The parties agreed on redactions of the post-incident records to be used at trial, and only redacted, post-incident records were received in evidence. Additionally, Ortiz introduced the redacted records himself. While Ortiz's counsel made certain arguments at oral argument contesting this point, he did not raise the arguments in either his opening or his reply brief, and thus we deem them forfeited. The district court did not abuse its discretion in admitting the records.

II.    *Jury Issues*

Ortiz argues that the district court erred in submitting the questions of arrest and probable cause to the jury and that these errors warrant vacating the

judgment and ordering a new trial. In essence, Ortiz argues that he was entitled to judgment as a matter of law on these issues. The argument fails.

At the close of evidence, Ortiz and the City orally cross-moved for judgment as a matter of law pursuant to Rule 50(a) on the false arrest claim. The district court denied both motions and submitted the issues to the jury. After the verdict, however, Ortiz failed to renew his motion for judgment as a matter of law under Rule 50(b) and he likewise failed to file a motion for a new trial or to alter or amend the judgment under Rule 59. "[I]n the absence of a Rule 50(b) renewed motion or extraordinary circumstances, an appellate court [i]s without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004) (second alteration in original) (citations and internal quotation marks omitted). "We may overlook such a default in order to prevent a manifest injustice in cases [w]here a jury's verdict is wholly without legal support." *Id.* (alteration in original) (citations and internal quotation marks omitted).

After reviewing the record and relevant case law, we find that no manifest injustice would result from permitting the jury's verdict to stand. Moreover, we have examined the record with particular care in view of the fact that, at each turn, Ortiz's attorney failed to preserve evidentiary objections and issues for appeal. Accordingly, the district court did not err in posing either question to the jury.

. . .

4

We have considered Ortiz's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk